VICKSBURG LIQUOR AND TOBACCO CO. *v.* UNITED STATES EXPRESS CO.

COMMON CARRIERS.   *Express companies.   Course of business; right to change.*
   An express company accustomed to receive jugs of liquor in an unboxed condition, under a special arrangement voluntarily made by it with shippers, may, at will, withdraw from the arrangement without liability to shippers who have been availing of it, though they incur increased expense by reason of the change.

FROM the circuit court of Warren county.
HON. J. D. GILLAND, Judge.

Appellant brought this suit against the United States Express Co. to recover damages for an alleged wilful refusal to receive certain jugs containing whiskey, which appellant tendered to it for. shipment to customers.   The express company assigns as its reason for refusing to receive the jugs that they were in an unboxed condition.   The trial developed the following facts :—

The United States Express Co. had been for several years engaged in business at Vicksburg, Miss., and on the lines of railway leading to and from the city.   The appellant is a wholesale liquor dealer, and an important branch of its business has been the shipment of liquor in jugs to customers in adjacent towns.

Among the printed regulations furnished by the express company for the guidance of its agents and employés, is one that earthenware vessels containing liquids must be in patent shipping cans or packed in boxes, otherwise the shipment will be refused.   But this rule of the company had not been made known to plaintiff,

nor had it ever been enforced by the express company in the course of its business at Vicksburg. On the contrary, the agent of the express company, in order to further its business by facilitating the shipment of whiskey in jugs, had agreed with appellant and other liquor dealers in that city to receive the jugs unboxed and without any covering, the shippers releasing the company from all liability for losses except through negligence. This arrangement had been acted upon for more than a year, and appellant had shipped jugs almost daily during that time.

On one occasion, it transpired that a jug containing whiskey, which appellant had shipped, was broken in transit, and the express company being unwilling to concede liability, appellant brought suit for its value. On the day after this suit was instituted, appellant sent a number of jugs for shipment as usual, but appellee's agent refused to receive them, accompanying his refusal by a note to appellant asking that the jugs be boxed so as to prevent further law-suits for breakage. Appellant renewed his tender of the jugs, offering to prepay charges, but the agent persisted in his refusal to receive them, and likewise notified all other liquor dealers in the city who were accustomed to make such shipments that in future he would adhere to the rule requiring jugs to be boxed. The regulation was in fact enforced for several weeks, but was again relaxed in consideration of written contracts signed by the shippers limiting the liability of the express company ; but meantime appellant had incurred some expense in constructing boxes, and had lost some sales because of the delay, and it brought this suit against the express company, claiming both actual and punitive damages for its refusal to receive the jugs.

The court granted a peremptory instruction in favor of the defendant. Judgment accordingly, and plaintiff appeals.

*Dabney & McCabe,* for appellant.

1. An express company is a common carrier, and bound to receive all goods tendered to it in the course of its business. Hutchinson on Carriers, §§ 68, 111, 112.

2. They are liable for exemplary damages under circumstances showing improper motives for a wrongful act. Ib. § 811.

3. The wilful refusal to perform a public duty has always been held ground for exemplary damages. *Railroad Co.* v. *Green*, 52 Miss. 779 ; *Storm* v. *Green*, 51 Ib. 109 ; *Wilson* v. *Ry. Co.*, 63 Ib. 352 ; *Higgins* v. *Ry. Co.*, 64 Ib. 80 ; *Dorrah* v. *R. R. Co.*, 65 Ib. 14 ; *Kent* v. *Silver*, 60 Ib. 124.

Conceding for argument that defendant had the right to make and enforce the rule in question to protect it against strict common law liability, we still say : (1) The rule had never been enforced by the company in this locality, and in fact had ceased to be a rule of the company.  (2) If it had ever been in operation, it had been waived for several years.  (3) When put into operation it was aimed alone at plaintiff and not against other patrons of the company.  It was a discrimination against plaintiff, and would never have been put into operation against other patrons but for plaintiff's threat to bring suit on account of such discrimination.  (4) Plaintiff had waived the strict common law liability of defendant, and there was no longer any reason for the rule.  In any event, reasonable notice of the intention to revive and enforce such rule was required. Hutchinson on Carriers, § 112.

Plaintiff did not tender the jugs and demand their carriage under the strict common law liability, but upon the terms the company had been receiving and carrying such goods for years ; so plaintiff was certainly entitled to get back the amount expended for boxes. Defendant was likewise liable for punitive damages since its refusal was wilful.  It acted arbitrarily and oppressively towards plaintiff.  The only excuse offered was that plaintiff had violated the agreement under which the company had been accustomed to receive the jugs, and had claimed damages in a case where the company was not at fault.  In this the agent made himself both judge and jury, and disposed of the case himself, and because plaintiff saw fit to appeal to the court sought to teach it a lesson.  This company was seeking to take vengeance through its agent against the plaintiff.  We submit the refusal was wilful, and punitive damages should be allowed.

*R. V. Booth*, for appellee.

It is not necessary to cite authorities to show that vindictive

damages are not recoverable in this case. There is not the slightest evidence of wilfulness, fraud, malice or oppression. But plaintiff was not entitled to any recovery. The original contract or agreement between the parties was for no definite or certain time, and was revocable at the will of either party. The evidence shows that the agent was acting honestly and endeavoring to protect his company against annoyance. He felt that the plaintiff had violated the understanding between them, and concluded that it was best to resume its common law liability, and require shippers to comply with the printed rules of the company. The rule was a reasonable one, such as the company had a right to enforce. Hutchinson on Carriers, § 47.

It does not matter that plaintiff had never heard of this regulation. It was made for the guidance of the employés of the company and not for plaintiff. The authorities to the effect that carriers are liable for punitive damages for wilful refusal to perform a public duty, have no application. It was not a refusal to perform a public duty to require plaintiff to put up its whiskey in a safe condition for shipment. I submit the judgment should be affirmed.

CAMPBELL, J., delivered the opinion of the court.

The express company had the right at any time to withdraw from the arrangement by which it had consented to receive jugs of liquor unboxed, and no matter what caused this change in the course of business, the appellant had no legal cause of complaint.

*Affirmed.*